**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN APONIK, | : |
| PLAINTIFF, | : |
| v. | : Case No. 2:15-cv-00413-SD |
| VERIZON PENNSYLVANIA INC. | : |
| DEFENDANT. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Sara A. Begley
Joel S. Barras
REED SMITH LLP
Three Logan Square
1717 Arch St., Suite 3100
Philadelphia, PA 19103
(215) 851-8100
sbegley@reedsmith.com
jbarras@reedsmith.com

*Counsel for Defendant*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. STIPULATED QUESTION PRESENTED ..................................................................... 2

III. LEGAL STANDARD ...................................................................................................... 2

IV. ANALYSIS ....................................................................................................................... 3

   A. Work-Related Personal Injury Damages are Absent from the ADA's Statutory Damages Provisions ............................................................................................................... 3

   B. Courts Exclude Personal Injury Damages from Available Remedies Under the ADA ...... 6

   C. The Legislature Never Intended to Provide for Personal Injury Damages Under the ADA ............................................................................................................................ 9

V. CONCLUSION .............................................................................................................. 11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bertinetti v. Joy Mining Machinery*,
    231 F.Supp.2d 828 (S.D.Ill.2002) ................................................................................................6

*Brown v. General Services Administration*,
    425 U.S. 820 (1976) ......................................................................................................................3

*Dye v. Bellsouth Telecommunications, Inc.*,
    462 F. Supp. 2d 845 (W.D. Tenn. 2006) ......................................................................................7

*E.E.O.C. v. Fusaro Corp.*,
    No. 99-3321, 2000 WL 375256 (E.D. Pa. Apr. 11, 2000) ............................................................7

*East v. W.C.A.B.*,
    574 Pa. 16, 828 A.2d 1016 (2003) .............................................................................................10

*Edwards-DiPasquale v. Wilfran Agric. Indus., Inc.*,
    No. 00-3818, 2001 WL 1632122 (E.D. Pa. Dec. 17, 2001) .........................................................7

*Herman v. City of Allentown*,
    985 F. Supp. 569 (E.D. Pa. 1997) ................................................................................................7

*Landgraf v. USI Film Prods.*,
    511 U.S. 244 (1994) ......................................................................................................................3

*Levin v. Dollar Tree Stores, Inc.*,
    No. 06-00605, 2006 WL 3538964 (E.D. Pa. 2006) .....................................................................5

*Malone v. Specialty Products and Insulation Co.*,
    85 F.Supp.2d 503 (E.D. Pa. 2000) ............................................................................................8, 9

*McCree v. Southeastern Pennsylvania Transportation Authority*,
    No. 07-4908, 2009 U.S. Dist. Lexis 4803 (E.D. Pa. 2009) ..........................................................5

*McEwen v. UPMC Shadyside Presbyterian Hosp.*,
    No. 09- 1181, 2010 WL 4879195 (W.D. Pa. Nov. 23, 2010) ........................................6, 7, 8, 9

*Meester v. Runon*,
    149 F.3d 855 (8th Cir. 1998) ....................................................................................................7, 8

*National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers*,
    414 U.S. 453 (1974) ......................................................................................................................3

*Naughton v. Gilbane, Inc.*,
    46 F.Supp.3d 152 (D. R.I. 2014)..................................................................................8

*Robinson v. Napolitano*,
    554 F.3d 358 (3rd Cir. 2009) .......................................................................................4

*Selected Risks Ins. Co. v. Thompson*,
    520 Pa. 130, 552 A.2d 1382 (1989)...........................................................................10

*Smith v. Blue Cross Blue Shield of Kansas*,
    102 F.3d 1075 (10th Cir.1996) .................................................................................6, 9

*Smith v. Devereux Found.*,
    No. 97-3806, 1998 WL 23158 (E.D. Pa. Jan. 21, 1998)..........................................8, 9

*Taylor v. Potter*,
    124 Fed.Appx. 293 (5th Cir. 2005).............................................................................7

*In re TMI*,
    67 F.3d 1119 (3d Cir. 1995)........................................................................................4

*U.S. v. Creamer*,
    2012 WL 3641351 (E.D.Pa. Aug 24, 2012) ...............................................................4

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*,
    484 U.S. 365 (1998)....................................................................................................4

*United States v. McQuilkin*,
    78 F.3d 105 (3d Cir. 1996)..........................................................................................4

*Vazquez v. Caesar's Paradise Stream Resort*,
    No. 09-0625, 2013 WL 6244568 (M.D. Pa. Dec. 3, 2013).........................................7

*White v. NCL America, Inc.*,
    2006 WL 1042548 (S.D.Fla.2006) .............................................................................5

**Statutes**

5 U.S.C. §1801 *et seq.*................................................................................................4, 7

29 U.S.C. § 794..................................................................................................................7

42 U.S.C. § 1981 a(b)(3).................................................................................................10

42 U.S.C. § 1981a(2) ........................................................................................................3

42 U.S.C. § 1981a(b)(3).....................................................................................................4

42 U.S.C. § 12101..............................................................................................................9

42 U.S.C. § 12117(a) ...........................................................................................................3

42 U.S.C. § 12201(e) .........................................................................................................10

42 U.S. Code § 12101 *et seq.* ............................................................................................1

**Rules**

Fed. R. Civ. P. 56(c) ............................................................................................................2

**Regulations**

29 CFR § 1630.1(a)..............................................................................................................9

In his Count alleging Americans with Disabilities Act ("ADA") violations, Plaintiff John Aponik ("Aponik") claims personal injury damages related to Defendant, Verizon Pennsylvania Inc.'s ("Verizon") purported failure to accommodate Aponik's alleged disability. Verizon submits this Memorandum of Law in support of its Motion for Partial Summary Judgment ("Motion") with respect to those claimed personal injury damages.

## I.   INTRODUCTION

At issue are claims arising from Verizon's employment of Aponik as an Outside Line Technician and his claim that Verizon failed to reasonably accommodate his purported disability. Aponik alleges that Verizon's decision not to provide a safety belt during Aponik's required unstepped pole climbing training and certification caused Aponik to suffer a physical injury. Plaintiff sets forth his claim for damages for this alleged personal injury in Count IV of his Complaint, as well as within the Prayer for Relief.

Verizon disputes that (1) Aponik was a qualified individual under the Americans with Disabilities Act, 42 U.S. Code § 12101 *et seq.* ("ADA" or "Act"), (2) Verizon failed to reasonably accommodate Aponik as required by the Act and (3) Aponik's alleged physical injury resulted from his attempt to complete the unstepped climbing portion of his training and certification. Nevertheless, assuming, *arguendo,* that Aponik could establish those factual predicates, his claim for personal injury damages is not cognizable under the ADA.

The ADA identifies the damages available under the Act, and those provisions do not include remedies for personal injuries. Broadening the statutory language or otherwise improperly shoehorning physical personal injury damages into existing categories would rewrite the Act, which never contemplated such damages. Permitting physical injury damages under the ADA also would create a shadow workers' compensation system that lacks the administrative

- 1 -

- 2 -

expertise to evaluate and compensate workplace injuries possessed by the existing systems. State workers' compensation schemes have evolved to create a favored and indispensable mechanism for compensating workplace injuries. Plaintiff seeks to disrupt that system and supplant it with a scheme under the ADA that lacks the established mechanisms and procedures for addressing the complicating issues underlying workplace injuries, such as gradation and causation of such injuries. Unsurprisingly, recent case law has rejected identical attempts to stretch the Act to encompass physical injury damages.

Accordingly, Verizon respectfully requests that the Court grant partial summary judgment for Verizon and issue a declaration that the ADA does not permit personal injury damages for work-related physical injuries.

## II.    STIPULATED QUESTION PRESENTED

Where an employee alleges a work-related physical injury, or exacerbation of an injury, as a result of an employer's conduct alleged to be in violation of the Americans with Disabilities Act (ADA), do the ADA's provisions extend to encompass a damages remedy for the alleged injury?

## III.    LEGAL STANDARD

Summary judgment should be granted if the pleadings, the discovery, and disclosure material on file, and any affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, the parties have stipulated to the question presented to the Court that is one of law involving statutory interpretation and thus, there are no genuine issues as to any material fact related to the question presented for the Court's review.

## IV.     ANALYSIS

### A.     Work-Related Personal Injury Damages are Absent from the ADA's Statutory Damages Provisions.

The ADA's provisions exclude reference to personal injury damages within the available remedies for disability discrimination, and Plaintiff's argument that this Court should broaden those remedy provisions is without merit.  Where a statute contains provisions identifying specific damages, courts should not expand the coverage of the statute to subsume other remedies.  *See National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) ("A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies"); *see also Brown v. General Services Administration,* 425 U.S. 820, 833 (1976) ("It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading.").  Consequently, Plaintiff must identify the language within the Act that permits recovery for personal injury damages resulting from a failure to accommodate and cannot merely rely on the absence of language prohibiting such damages.  *Id.*

Title VII's remedial scheme is available to plaintiffs aggrieved by ADA violations committed in the employment setting.  *See* 42 U.S.C. § 12117(a).  Prior to 1991, plaintiffs proceeding under Title VII could only seek "equitable" remedies.  *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 252 (1994).  Back pay was the primary form of monetary relief available to aggrieved individuals.  *Id*. at 252–53.  The Civil Rights Act of 1991 added specified compensatory and punitive damages to the remedies otherwise available under the ADA.  *See* 42

U.S.C. § 1981a(2). The ADA now permits a "complaining party" to "recover compensatory and punitive damages" from a covered entity responsible for violating Section 102 of the ADA.

The compensatory damages available to individuals aggrieved by violations of Title I include remuneration for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3). Work-related personal injury damages are noticeably absent from these damages provisions and are not subsumed by any identified category of damages.

Under fundamental principles of statutory construction, the absence of "personal injury" or "physical harm" from the enumerated remedies available under the ADA is significant. "It is a canon of statutory construction that the inclusion of certain provisions implies the exclusion of others." *United States v. McQuilkin*, 78 F.3d 105, 108 (3d Cir. 1996). This doctrine of *inclusio unius est exclusio alterius* "informs a court to exclude from operation those items not included in a list of elements that are given effect expressly by the statutory language." *In re TMI*, 67 F.3d 1119, 1123 (3d Cir. 1995)); *see also Robinson v. Napolitano*, 554 F.3d 358, 365 (3rd Cir. 2009); *U.S. v. Creamer*, 2012 WL 3641351, *7 (E.D.Pa. Aug 24, 2012).

When Congress passed the Act, it knew how to create a federal private right of action arising out of an individual's work-related personal injury. As evidenced by the 1916 Federal Employees' Compensation Act, 5 U.S.C. §1801 *et seq.* ("FECA"), Congress is well aware of workplace injuries and how to develop a sophisticated scheme for evaluating and compensating employees for those injuries. As such, the exclusion of personal injury damages from the ADA was not a mere oversight.

Moreover, "[s]tatutory construction…is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme…." *United*

*Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 371 (1998) (internal citations omitted).  As discussed in greater detail below, the remainder of the ADA's statutory scheme demonstrates that the Act is an anti-discrimination and not a personal injury statute.

Courts consistently hold that personal injury damages are not cognizable by Title II and Title III of the ADA.  *See e.g., Levin v. Dollar Tree Stores, Inc.*, No. 06-00605, 2006 WL 3538964 (E.D. Pa. 2006) ("[W]hile protection from injury for the disabled is no doubt a fortunate byproduct of the ADA, it is clear that the statute was not designed with that duty in mind") (internal citations omitted); *White v. NCL America, Inc.*, 2006 WL 1042548 (S.D.Fla.2006) (same).

In *Levin,* the plaintiff sought compensatory damages from Family Dollar under Title III of the ADA after he fell while attempting to return his cart.  The Court dismissed the ADA claim based on the lack of private action.  Plaintiff also argued that because the store had violated regulations promulgated under the ADA, the plaintiff established negligence *per se*.  The Court rejected this argument, holding that the ADA was not designed to protect individuals from personal injuries.  *Id.*; *see also McCree v. Southeastern Pennsylvania Transportation Authority,* No. 07-4908, 2009 U.S. Dist. Lexis 4803 *41-2 (E.D. Pa. 2009) (holding that the plaintiff may not "borrow" ADA regulations for use as evidence of the standard of care to prove negligence *per se* in a personal injury action, since to do so would "allow for recovery of damages for personal injuries for violations of the ADA, which are specifically not permitted under the ADA itself.").  Consequently, the damages Plaintiff seeks are not only outside the purview of the ADA, but are disfavored by Title III of the Act.

### B.     Courts Exclude Personal Injury Damages from Available Remedies Under the ADA.

The majority of courts, including the most recent decision from a District Court within the Third Circuit, hold that damages for personal injury purportedly caused by an employer's failure to accommodate are not recoverable under the ADA. *See McEwen v. UPMC Shadyside Presbyterian Hosp.*, No. 09- 1181, 2010 WL 4879195 (W.D. Pa. Nov. 23, 2010) ("*UPMC*"); *see also Bertinetti v. Joy Mining Machinery,* 231 F.Supp.2d 828, 835 (S.D.Ill. 2002) ("To the extent [Plaintiff] is attempting to raise a personal injury claim for an exacerbation of his condition or for injuries…his remedy lies in tort or under the Illinois Workers' Compensation Act."); *Smith v. Blue Cross Blue Shield of Kansas*, 102 F.3d 1075, 1077–78 (10th Cir. 1996) ("The district court correctly held that to the extent Smith was…attempting to raise a claim of personal injury, her remedy lies in tort or pursuant to the Workers' Compensation Act.").

In *UPMC*, the plaintiff suffered a non-work related injury, resulting in the amputation of his leg. He returned to work with restrictions regarding the time he could remain standing. The employer assigned the plaintiff to a laboratory position that required standing for prolonged periods, allegedly aggravating the plaintiff's pre-existing injury and causing his permanent disability. *UPMC*, 2010 WL 4879195, at *4. The Court dismissed the plaintiff's attempt to recover damages under the ADA for this aggravated injury. Specifically, the Court concluded that either tort law or workers' compensation, and not the ADA, were the appropriate avenues for relief. As the Court stated:

> [Plaintiff] argues in his brief that he 'is suing UPMC for disabling him.' In essence, Plaintiff reasons that the assignment to the Angio Lab caused him to suffer injuries to his remaining leg, such that he became totally disabled…. Plaintiff has cited no legal authority for the proposition that such a claim is cognizable under the ADA or PHRA, nor has the Court located any such authority. In *Bertinetti v. Joy Mining Machinery*, 231 F.Supp.2d 828, 835

> (S.D.Ill. 2002), the Court rejected a similar claim, stating: "To the extent [the employee] is attempting to raise a personal injury claim for an exacerbation of his condition or for injuries sustained..., his remedy lies in tort or under the Illinois Workers' Compensation Act."  In sum, [Plaintiff] cannot recover under the ADA or PHRA for personal injuries allegedly caused by UPMC in assigning him to work in the Angio Lab.

*Id.* at *7 (internal citation omitted).  Therefore, Plaintiff's claims appropriately lie under Pennsylvania's workers' compensation law and not under the ADA.[1]

*UPMC* thus cannot be reconciled with any argument that personal injury damages fall within the ADA's "other nonpecuniary losses" remedies provision.  Other nonpecuniary losses typically include emotional or psychological injury.  *See e.g., Edwards-DiPasquale v. Wilfran Agric. Indus., Inc.*, No. 00-3818, 2001 WL 1632122, at *7 (E.D. Pa. Dec. 17, 2001) (awarded damages for fear as other nonpecuniary loss); *E.E.O.C. v. Fusaro Corp.*, No. 99-3321, 2000 WL 375256, at *8 (E.D. Pa. Apr. 11, 2000) (same); *Herman v. City of Allentown*, 985 F. Supp. 569, 581 (E.D. Pa. 1997) (awarded damages for embarrassment as other nonpecuniary loss); *Vazquez v. Caesar's Paradise Stream Resort*, No. 09-0625, 2013 WL 6244568, at *8 (M.D. Pa. Dec. 3, 2013) (awarded damages for stigma resulting from bad employee label as other nonpecuniary loss); *Dye v. Bellsouth Telecommunications, Inc.*, 462 F. Supp. 2d 845, 849 (W.D. Tenn. 2006) (awarded damages for harm to dignity as other nonpecuniary loss).  FECA's sophisticated compensation scheme for workplace injuries further supports this conclusion.  To hold otherwise would require the Court to conclude that Congress' use of the phrase "other nonpecuniary losses" intended to compensate the same type of workplace injuries for which the legislature promulgated an approximately 24,500-word statute.  *See* 5 U.S.C. §1801 *et seq.*

---

[1] Plaintiff's workers' compensation claim is filed at the Pennsylvania Bureau of Workers' Compensation Claim Number 4197192.

Moreover, courts hold that FECA claimants are precluded from raising failure to accommodate disability claims under the Rehabilitation Act.  29 U.S.C. § 794; *Meester v. Runon*, 149 F.3d 855, 857 (8th Cir. 1998) ("FECA is the exclusive remedy for workplace injuries suffered by federal employees."); *Taylor v. Potter*, 124 Fed.Appx. 293 (5th Cir. 2005) ("[Plaintiff] is also prohibited from alleging disability discrimination in violation of the Rehabilitation Act in order to secure judicial review of the Department of Labour's determination."); *but see Naughton v. Gilbane, Inc.*, 46 F.Supp.3d 152, 156 (D. R.I. 2014) (favorably citing to dissent in *Meester*).  As the court stated in *Meester*, "a frustrated FECA claimant cannot secure judicial review of a FECA compensation decision by claiming the Rehabilitation Act entitles her to accommodation…predicated upon the same illness or injury that gave rise to the [FECA] decision."  *Meester*, 149 F.3d at 857.  Similarly, a frustrated workers' compensation applicant should not be permitted to secure greater damages under an ADA claim that is predicated upon the same work-related injury as his workers' compensation claim.

A survey of the cases within the Third Circuit shows that, at best, Plaintiff may reference two decisions that predate *UPMC,* in which the court at the summary judgment stage declined to rule as a matter of law that physical injuries are not cognizable under the ADA.  *See Malone v. Specialty Products and Insulation Co.*, 85 F.Supp.2d 503 (E.D. Pa. 2000); *Smith v. Devereux Found.*, No. 97-3806, 1998 WL 23158 (E.D. Pa. Jan. 21, 1998).  These decisions are readily distinguishable and not persuasive.

In *Malone*, the court denied summary judgment based primarily on the defendant's inability to cite to a case within the Third Circuit holding that personal injury damages are unavailable under the ADA.  As the court stated, "In support of their argument, Defendants do

not cite to any statute, nor to any case from within this Circuit….In short, Defendants have failed to provide this Court with a legally supported argument that Plaintiff cannot recover for physical damages under his ADA claim." *Malone* , 85 F. Supp. 2d at 506-7.  Nevertheless, the court concluded by noting as follows: "If Defendants develop stronger legal support for their argument, they may repeat it at trial." *Id.* at 507.  Now that the case law has developed to reject recovery for physical injury damages under the ADA, *Malone* no longer provides any basis to recognize such damages.

*Smith* never addressed the underlying issue of whether personal injury benefits are available under the ADA.  In *Smith,* which predated *UPMC*, the defendant argued that the state workers' compensation statute preempted federal law.  The court rejected this argument based on the Supremacy Clause.  *Smith*, 1998 WL 23158, at *7-8.  Whether state law has a preclusive effect on the ADA, however, is not at issue.  Rather, the question is whether Congress intended for the ADA to permit damages for work-related personal injuries, particularly when a sophisticated and effective scheme to compensate work-related injuries already existed through the state workers' compensation systems.  As shown below, state workers' compensation acts inform any analysis of Congressional intent in passing the ADA and further support the conclusion that personal injury damages are not available under the Act.

   **C.** **The Legislature Never Intended to Provide for Personal Injury Damages Under the ADA.**

The conclusion that personal injury damages are not cognizable under the ADA is consistent with the legislative intent underlying Title I of the Act; *i.e*., to promulgate a civil rights statute that guarantees equal employment opportunities for individuals with disabilities.  *See* 42 U.S.C. § 12101.  "The ADA [and its regulations] are intended to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with

disabilities, and to provide clear, strong, consistent, enforceable standards addressing discrimination." *See* 29 CFR § 1630.1(a).

At the same time, the ADA, its regulations and the legislative history underlying the statute are devoid of any reference to compensating employees for work-related physical injuries. Further, the ADA itself ensures that the Act's provisions do not interfere with the existing systems in place to address those injuries. As the Act states, "Nothing in this chapter alters the standards for determining eligibility for benefits under State workers' compensation laws or under State and Federal disability benefit programs." *See* 42 U.S.C. § 12201(e). In addition, this statutory reference to workers' compensation shows that Congress was well aware of those systems when promulgating the Act and expressly avoided interfering with that system of compensating work-related injuries.

Notably, the ADA specifically permits damages arguably related to physical injuries but unavailable under workers' compensation acts; *i.e.*, pain and suffering. *See* 42 U.S.C. § 1981 a(b)(3); *see e.g., Selected Risks Ins. Co. v. Thompson*, 520 Pa. 130, 142–143, 552 A.2d 1382, 1388 (1989) (explaining that workers' compensation does not provide for pain and suffering). By expressly permitting damages that are excluded by workers' compensation acts, coupled with the ADA's express intent not to interfere with those state laws, Congress demonstrated its intent that the ADA should complement but not supplant or encroach upon workers' compensation acts.

Therefore, while workers' compensation statutes do not preempt personal injury damages under the ADA, they highlight Congress' intent to defer to existing mechanisms for compensating work-related personal injuries. *See East v. W.C.A.B.*, 574 Pa. 16, 25, 828 A.2d 1016, 1021 (2003) (the Workers' Compensation Act includes "uniquely detailed substantive and

procedural provisions…pertaining to employees' benefits on account of workplace injuries and resulting disability…"). Moreover, Pennsylvania's Workers' Compensation Act is "remedial legislation, subject to a liberal construction to effectuate the Act's purpose of benefiting injured workers and their dependents. " *Id.* Congress never intended nor had reason to create a shadow workers' compensation scheme when it promulgated the ADA. This is consistent with the predominant judicial view rejecting Plaintiff's argument and holding that the ADA excludes damages for personal injury.

## V.    CONCLUSION

Personal injury damages directly caused by an employer's failure to accommodate a disability are not cognizable under the ADA. First, the statute excludes any such remedy from its damages provision. Second, Congress never intended to provide for personal injury damages through the statute. Third, providing for personal injury damages would create a shadow workers' compensation system that lacks the administrative expertise to evaluate and compensate workplace injuries.

In light of these factors, Defendant respectfully requests that this Court enter partial summary judgment in favor of Defendant with respect to Count IV and the Prayer for Relief in the Complaint, and issue a declaration that the ADA does not permit personal injury damages for work-related physical injuries.

                        Respectfully submitted,

                        REED SMITH, LLP


                        By: /s/ Joel S. Barras

                           Sara A. Begley
                           Joel S. Barras
                           REED SMITH LLP
                           Three Logan Square
                           1717 Arch St., Suite 3100
                           Philadelphia, PA 19103
                           (215) 851-8100
                           sbegley@reedsmith.com
                           jbarras@reedsmith.com

Dated:  May 18, 2015                    Counsel for Defendant