IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN APONIK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VERIZON PENNSYLVANIA INC. | : | NO. 15-413 |

MEMORANDUM

Dalzell, J.                                                                                                          May 21, 2015

      Before us in this discrimination action are the parties' motions for partial summary judgment on the following stipulated question:

> Where an employee alleges a physical injury, exacerbation of an injury, or exacerbation of any condition that qualifies as a "disability" under the Americans With Disabilities Act (ADA) as a result of an employer's conduct alleged to be in violation of that Act, do the ADA's provisions extend to encompass a damages remedy for the alleged injury or exacerbation?

Jt. Stip. for PSJ.  For the reasons elaborated below, we hold that the ADA does not provide a remedy for alleged injuries or exacerbation of such injuries resulting from conduct in violation of the ADA.  We will therefore grant Verizon's motion for partial summary judgment as to Count IV and its prayer for relief, insofar as Aponik seeks damages for the bodily injury he alleges Verizon's action caused.

I.      **Standard Of Review**

      In general, summary judgment is warranted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A party moving for summary judgment bears the burden of proving no genuine issue of material fact exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986).

Ordinarily, a factual dispute is "genuine" if it turns on "evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." Id. at 248. But here the parties have, as noted, stipulated to the question before us, which is a matter of law involving interpretation of the ADA, 42 U.S.C. § 12101 et seq. Accordingly, there are no genuine issues of material fact before us, only a dispute over the reach of that remedial statute. The standard for a motion for partial summary judgment is identical to the standard for summary judgment motions. See Fed. R. Civ. P. 56(a).

When both parties move for summary judgment, our task is no different. As our Court of Appeals has cautioned,

> Cross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist. If any such issue exists it must be disposed of by a plenary trial and not on summary judgment.

Rains v. Cascade Industries, Inc., 402 F.2d 241, 245 (3d Cir. 1968). Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. 10A Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure, § 2720 (3d ed. 2014). Because we consider cross-motions before us, "[t]he fact that one party fails to satisfy that burden on his own Rule 56 motion does not automatically indicate that the opposing party has satisfied his burden and should be granted summary judgment on the other motion." Id.

2

**II.     Procedural History**

John Aponik filed this five-count suit on January 28, 2015, seeking relief for alleged reverse race discrimination, age discrimination, and violations of the ADA and the Pennsylvania Human Relations Act.  He states that Verizon Pennsylvania Inc. ("Verizon") employed him as of February 2, 1987 -- first as a Directory Assistance Operator and later as an Outside Plant Technician.  Cmplt. at ¶¶ 20, 21.  He alleges that he suffered from a disability and was 53 years old when he filed his first discrimination charge against Verizon with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on his age and disability.  Id. at ¶¶ 16, 22.  When the defendant sent him for training, Aponik was unable to complete it because he could not climb the unstepped portion of a telephone pole as a result of his disability.  Id. at ¶¶ 23, 24.  Aponik's request for an accommodation was denied,[1] and, as a result, on May 6, 2013 he allegedly exacerbated a pre-existing injury by trying to complete the training without the requested accommodation, after which his doctor told him he could no longer climb.  Id. at ¶¶ 25, 27, 28.  On May 29, 2013, the defendant moved Aponik to an "inside" position as a Maintenance Administrator, a position that paid less than his previous position.  Id. at ¶ 29.  Aponik claims that African-Americans with the same job title and medical restrictions were not required to climb unstepped poles.  Id. at ¶ 33.

On January 8, 2014, Aponik filed an internal charge of race discrimination regarding the alleged disparate treatment.  Id. at ¶ 35.  On April 1, 2014, Aponik filed a second discrimination charge with the EEOC alleging race discrimination.  Id. at ¶¶ 16, 31.  The EEOC issued a Notice of Right to Sue on the latter charge on October 29, 2014.  Id. at ¶ 16.

At the March 9, 2015 Rule 16 conference, Verizon sought permission to brief the Court

---

[1] Aponik allegedly requested a safety belt.  See Def. MPSJ at 1.

in a motion for partial summary judgment as to Aponik's ADA claim for bodily injury damages he allegedly sustained as a result of Verizon's alleged failure to accommodate his claimed disability. Aponik agreed to the briefing. We ordered the parties to file briefs on the agreed-upon stipulated question the parties filed on May 18, 2015.

### III.   The Parties' Motions

#### A.   Verizon Pennsylvania Inc.'s Motion for Partial Summary Judgment

Verizon contends that Aponik's claim for personal injury damages is not cognizable under the ADA.[2] Def. MPSJ at 1. Verizon points to Title VII's remedial provisions available to plaintiffs who suffer ADA violations in the course of their employment. Id. at 3. This remedial scheme makes provision for equitable remedies and compensatory and punitive damages where the compensatory damages permit recovery for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." Id. at 3, 4 (quoting 42 U.S.C. § 1981a(b)(3)). Verizon relies on United States v. McQuilkin, 78 F.3d 105, 108 (3d Cir. 1996) and on Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers, 414 U.S. 453 (1974), to contend that canons of statutory construction restrict our reading of compensable damages because (1) the damages are specific and enumerated and (2) the inclusion of certain provisions implies the exclusion of others. Id. at 3, 4. It maintains that Aponik "must identify the language within the Act that permits recovery for personal injury damages resulting from a failure to accommodate," id. at 3, and insists he cannot do so. The "absence of 'personal injury' or 'physical harm' from the enumerating remedies available under

---

[2] Verizon also disputes that (1) Aponik is a qualified individual under the ADA, (2) Verizon failed to accommodate him as the Act requires, and (3) Aponik's alleged physical injury resulted from his attempt to complete the unstepped climbing portion of his training. Def. MPSJ at 1. We of course do not consider disputed facts in resolving the parties' motions for partial summary judgment on a purely legal question.

the ADA is significant," Verizon stresses. Id. at 4. It points to the Federal Employees' Compensation Act ("FECA"), which, it argues, shows Congress knows how to create a private right of action arising from work-related physical injuries when it wants to – as the legislators pointedly avoided doing here. Id.

Verizon further argues that federal district courts have broadly recognized this statutory limit. Id. at 5-7. See also McEwen v. UPMC Shadyside Presbyterian Hosp., 2010 WL 4879195 (W.D.Pa. Nov. 23, 2010). It urges that we distinguish decisions that predate McEwen, contending they did not hold personal injury benefits are available under the ADA. Id. at 8, 9. See, e.g., Malone v. Specialty Prods. & Insulation Co., 85 F. Supp. 2d 503 (E.D.Pa. 2000) (Joyner, J.). Verizon maintains that the case law has since evolved to clarify the unavailability of such relief. Id.

Finally, Verizon argues that the legislative intent of the Act is congruent with the statutory failure to include personal injury damages. Id. "The ADA [and its regulations] are intended to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities, and to provide clear, strong, consistent, enforceable standards addressing discrimination." Id. at 9, 10 (quoting 29 CFR § 1630.1(a)) (alteration supplied). Verizon points out that, while omitting compensation for personal injury damages the ADA permits damages unavailable under state workers' compensation acts -- such as pain and suffering. Id. at 10. The Act also states, "Nothing in this chapter alters the standards for determining eligibility" under state workers' compensation statutes or state and federal disability programs. Id. (quoting 42 U.S.C. § 12201(e)).

> By expressly permitting damages that are excluded by workers' compensation acts, coupled with the ADA's express intent not to interfere with those state laws, Congress demonstrated its intent that the ADA should complement but not supplant or encroach

5

upon workers' compensation acts.

Id.

### B. Aponik's Motion For Partial Summary Judgment

Aponik argues that "nothing in the ADA prohibits recovery of physical damages caused by discrimination." Pl. MPSJ at 3. He urges that we rely upon Malone, noting that our Court of Appeals has held that the ADA is a remedial statute that must be broadly construed to effect its purpose. Id. (citing Disabled in Action v. SEPTA, 539 F.3d 199, 208-09 (3d Cir. 2008)). He also argues that two district courts have held claims under the ADA and similar rehabilitative statutes could not be barred by exclusivity provisions in state workers' compensation statutes. Pl. MPSJ at 4, 5. See Haylett v. Bohrer, 2006 WL 2372134 (W.D.Pa. Aug. 15, 2006); see also Donnelly v. St. John's Mercy Medical Center, 635 F. Supp. 2d 970 (E.D.Mo. 2009). He concludes that "[n]o state has the right to pass a law limiting recovery under a Federal statute," and he should therefore be permitted to recover for physical injuries or the exacerbation of them caused by Verizon's alleged ADA violation. Pl. MPSJ at 5.

### IV. Discussion

The ADA provides individuals with disabilities "a clear and comprehensive national mandate for the elimination of discrimination" against them through "clear, strong, consistent, enforceable standards addressing [that] discrimination." 42 U.S.C. § 12101(b)(1) and (2). To that end, the ADA imports the remedies available under Title VII, see 42 U.S.C. § 12117(a), which include injunctive and other equitable relief, accrual of back pay and, through the enactment of the Civil Rights Act of 1991, compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

nonpecuniary losses" and punitive damages in the event the employer acts "with malice or with reckless indifference to the [plaintiff's] federally protected rights." Landgraf v. USI Film Prods., 511 U.S. 244, 253-54 (1994) (quoting 42 U.S.C. § 1981a(b)(1) and (b)(3)) (alteration in original). As noted, the ADA expressly does not change the standards for eligibility under state law for workers' compensation benefits. 42 U.S.C. § 12201(e).

"[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co., 677 F.3d 178, 186 (3d Cir. 2012) (quoting Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 19 (1979)) (internal citation omitted); accord Nat'l R.R. Passenger Corp., 414 U.S. at 458 ("A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies."). Another canon of statutory construction arises from the expressio unius canon[3] that the inclusion of certain provisions implies the exclusion of others. This doctrine "informs a court to exclude from operation those items not included in a list that are given effect expressly by the statutory language." McQuilkin, 78 F.3d at 108 (internal quotation marks and citations omitted).

Thus, the ADA's stated purpose and enumerated list of remedies informs courts that the statute's goal to prevent disability discrimination is achieved by remedies specifically addressed to the harm resulting from such discrimination, i.e., emotional pain, past and future monetary losses. That reasoning has guided federal courts to conclude that the ADA supplies no remedy for damages for personal injury. The Tenth Circuit, holding that a plaintiff's remedy for a personal injury "lies in tort or pursuant to the Worker's Compensation Act," persuasively

---
[3] Specifically, expressio unius est exclusio alterius, Black's Law Dictionary 861 (9th ed. 2009).

explained that "[n]othing in the ADA's express provisions or goals compels liability in this case." Smith v. Blue Cross Blue Shield of Kansas, Inc., 102 F.3d 1075, 1077-78 (10th Cir. 1996). Courts in this and other circuits have adopted that reasoning. See McEwen, 2010 WL 4879195 at *7; see also Bertinetti v. Joy Mining Machinery, 231 F. Supp. 2d 828, 835 (S.D.Ill. 2002).

McEwen is particularly instructive. There, a lab technician who lost a leg in a motorcycle accident was assigned a lab position that required standing for extended periods. He sued claiming, inter alia, that transfer to that position injured his remaining leg, causing him to become totally disabled. 2010 WL 4879195 at *7. Judge McVerry rejected that claim: "Plaintiff has cited no legal authority for the proposition that such a claim is cognizable under the ADA or PHTRA, nor has the Court located any such authority." Id.

Courts in this district read the ADA narrowly, as an anti-discrimination statute, rather than broadly, as a statute that embraces personal injury damages to protect the disabled. "Because the ADA was not designed to protect those with disabilities from personal injuries, [p]laintiff is unable to state a claim for negligence per se. Indeed, 42 U.S.C. § 12101(b) expressly states that the purpose of the ADA is the elimination of discrimination against individuals with disabilities." Levin v. Dollar Tree Stores, Inc., 2006 WL 3538964 at *3 (E.D.Pa. Dec. 6, 2006) (Smith, M.J.) (quoting with approval White v. NCL America, Inc., 2006 WL 1042548 (S.D. Fla. Mar. 8, 2006)). Similarly, as Verizon points out, judges in this Court have construed "other pecuniary losses" to include only emotional or psychological injury akin to mental anguish, loss of enjoyment of life and emotional pain, as set out in the statute. Thus, Judge Yohn recognized "fear" as a compensable injury, see Equal Employment Opportunity Com'n v. Fusaro Corp.,

2000 WL 375256 at *8 (E.D.Pa. Apr. 11, 2000).  None has stretched the definition of "other pecuniary losses" to include personal injury.

Aponik urges in reliance on Malone that silence on the issue of recovery for physical injury does not bar such a remedy.  In Malone, an asthmatic employee sued under the ADA claiming his condition was aggravated by the defendants' failure to enforce a smoking prohibition and sought "damages for aggravation of his disability and other physical injuries" they inflicted on him.  Malone, 85 F. Supp. 2d at 504, 506-07.  Judge Joyner found that the defendants had failed to provide "a legally supported argument" that the plaintiff could not recover for physical damages for personal injury under his ADA claim:  "The Court has done its own research on the issue, and has not found any statutory or caselaw basis for precluding [p]laintiff from recovering for physical damages under his ADA claim." Id. at 507.  He noted that defendants could try again at trial, if they found "stronger legal support for their argument." Id.

We disagree with Aponik that silence constitutes assent or that Malone permits recovery for physical injuries under the ADA.  Rather, the canons of statutory construction counsel precisely the opposite conclusion.  As the ADA lists specific remedies and physical injury is not among them, and we will not read into the ADA a remedy that Congress was at pains not to mention.  We find persuasive the reasoning of those district court decisions, in this Circuit and elsewhere that conclude there is no recovery for personal injury under the ADA because its express language excludes it.

Aponik also counters that the Supremacy Clause requires an ADA claim to preempt the Pennsylvania's Workers' Compensation Act to establish recovery for physical injuries. He relies on Haylett, where the Court observed in dicta

9

> [t]o the extent Defendants are suggesting that the exclusivity provision of Pennsylvania's Worker's Compensation Law would also bar Plaintiff's Rehabilitation Act claim[4], we disagree. The Supremacy Clause of the U.S. Constitution would require that Plaintiff's Rehabilitation Act claim take precedence over [77 Pa. Stat. Ann. § 481].

2006 WL 2372134 at *5 n.4. Likewise, in Donnelly, the district court held that a "state law making recovery under a worker's compensation statute the exclusive remedy for work-related injuries cannot bar an employee from seeking relief for employment discrimination under the ADA . . . . [Such an] exclusivity provision cannot preempt [plaintiff's] federally created right to recover damages for emotional distress under Title VII." 635 F. Supp. 2d at 988-89 (internal citations and quotation marks omitted). Aponik urges that we stretch that holding to encompass any aspect of an ADA claim. Pl. MPSJ at 5 (emphasis in original).

Aponik's preemption argument finds no traction in his case. To begin with, there is no claim here concerning the Pennsylvania's Workers' Compensation Act or any bar to Aponik's recovery for emotional distress under the ADA. Indeed, the ADA on its face contradicts any such preemption argument by expressly providing that "[n]othing in this chapter alters the standards for determining eligibility for benefits under State worker's compensation laws or under State and Federal disability benefit programs." See 42 U.S.C. § 12201(e). We agree with Verizon that Congress intended the ADA to work in tandem with existing workers' compensation laws and complement their provisions for work-related injuries with its remedies for harms not addressed under state statutes.

---

[4] "The Rehabilitation Act expressly makes the standards set forth in the 1990 Americans with Disabilities. . . applicable to federal employers and to employers receiving federal funding." Seeney v. Pennsylvania, Dept. of Corrections, SCI-Graterford, 31 F.Supp.3d 677, 681 n. 5 (E.D.Pa. 2014) (Brody, J.)

10

## V. <u>Conclusion</u>

We hold that the ADA does not permit recovery for physical injuries and will accordingly grant Verizon's motion for partial summary judgment as to this claim.

                          BY THE COURT:

                          <u>  /s/ Stewart Dalzell, J.</u>
                          Stewart Dalzell, J.